## Case No. 11,633.

### In re REECE et al.

[2 Bond, 359.] [1]

District Court, S. D. Ohio.  April Term, 1870.

BANKRUPTCY—PROOF OF CLAIM—SURRENDER OF ASSETS.

1. The clause of section 39 of the bankrupt act [of 1867 (14 Stat. 536)] providing that a creditor of a bankrupt, who, knowing the insolvency of the debtor, receives money or property from him in payment, "shall not be allowed to prove his debt in bankruptcy," does not apply, if the creditor, before presenting his claim to the assignee in bankruptcy, makes a full surrender of the money or property transferred to him.

2. Section 23 of the bankrupt act, by clear implication, allows the creditor to make such surrender, and on doing so, permits him to prove his claim against the bankrupt's estate, and entitles him to his dividends as a creditor.

3. The clause above quoted from section 39 is limited in its operation to cases where the assignee in bankruptcy is compelled to resort to legal measures for the recovery of the property illegally transferred to the creditor.

[In the matter of Reece & Brother, bankrupts.]

John Howard, for assignee.

Thomas Milliken, for creditor.

OPINION OF THE COURT. This case was referred to Register Iddings, with instructions to inquire into, and report upon, the origin and character of the claim of Peter Kemp, exhibited against the estate of said bankrupts. The register has reported adversely to the allowance of the claim by the assignee, on the ground that the said Kemp was the transferee and recipient of certain property of the bankrupts, under circumstances importing a fraudulent preference within the meaning of section 39 of the bankrupt act. Kemp, by his counsel, excepts to the ruling of the register; and this presents the question for the decision of the court. It is insisted by counsel, that the register erred in rejecting Kemp's claim as a creditor of the bankrupts, and that he is legally entitled to share, pro rata, with other creditors in the distribution of the estate. It is claimed that before the presentation of his account against the bankrupts' estate, Kemp had surrendered to the assignee all the property and effects transferred to him; and that under section 23 of the bankrupt act, he is restored to all his rights as a creditor, and rightfully entitled to make proof of his account. There seems, from the report of the register, to be no controversy about the facts. They are, in substance, that Reece & Brother, as a firm, were duly adjudged bankrupts on the petition of the firm of Curtis, Thomas & Co.; that the said Kemp was a creditor of the firm of Reece & Brother to the amount of upward of $4,500; that some time prior to the commencement of the proceedings in bankruptcy,

the said firm being insolvent, and their insolvency known to said Kemp, they made an assignment to him of all their partnership property and effects, and delivered possession to him. It is also a fact in the case, that before the presentation of his claim to the assignee in bankruptcy, Kemp offered to surrender, and did surrender, all the property and effects thus received by him from the bankrupts. The sole question before the court is, whether he can now be permitted to prove his account against the bankrupts' estate, as a creditor.

The register's decision, as before noticed, is adverse to Kemp's right to prove his claim and receive a dividend of the proceeds of the bankrupts' estate. He decides that Kemp is conclusively barred by a clause in section 39 of the bankrupt act. And it must be conceded the register is correct, if the clause in that section providing that a creditor who accepts a preference from an insolvent debtor, having reasonable cause to believe him insolvent, "shall not be allowed to prove his debt in bankruptcy," is to be viewed as the sole provision of the statute applicable to the subject. But it seems clear to the court, that section 23 controls and modifies the meaning of the prohibitory clause of section 39, and by fair construction limits its operation to cases where the assignee in bankruptcy is compelled to resort to legal proceedings to recover the property transferred, and does not apply, where such property is voluntarily surrendered to the assignee in bankruptcy before the presentation of the claim. Section 23 provides as follows: "Any person who, after the approval of this act, shall have accepted any preference, having reasonable cause to believe the same was made or given by the debtor contrary to the provisions of this act, shall not prove the debt or claim on account of which the preference was made or given; nor shall he receive any dividend therefrom, until he shall first have surrendered to the assignee all property, money, benefit, or advantage received by him under such preference." Though not affirmatively expressed, the clear implication from this clause is, that if the creditor makes the surrender, the taint of legal fraud implied in the acceptance of the preference is removed, and he has a legal standing as a creditor. It is true the decisions of the courts as to the construction of section 23 have not been uniform or harmonious. But the more recent cases sanction the interpretation here indicated. In the Case of Davidson [Case No. 3,599], the learned Judge Blatchford, of the Southern district of New York, in considering the apparent conflict in sections 39 and 23 of the bankrupt act, uses this language: "The clause in section 39, in respect to not allowing the creditor to prove his debt in bankruptcy, applies only to cases in which the assignee is compelled to resort to legal proceedings to recover the property, . . . . . but where the creditor avails himself of the locus peni-

tentiæ given him by section 23, by voluntarily surrendering the property to the assignee, he ceases to be a party to the fraud, and may prove his debt in bankruptcy, and receive his dividends on it." The same principle had been laid down by the same judge in the Case of Montgomery [Case No. 9,728], January 1, 1870. And it may not be improper here to notice, that this question had been previously submitted to the Hon. Mr. Jenckes, the member of congress, who drafted and reported the bankrupt bill, and who had made its provisions his special study, and was therefore fully qualified to give them a just and intelligent construction, and who accords fully in the views stated by Judge Blatchford in the cases cited. In his letter to a register on the question, he says, there is no conflict in the sections of the statute referred to, and that the prohibition in section 39 is limited to cases in which the assignee is compelled to resort to legal measures to recover the property from the creditor to which it has been assigned.

Concurring as I do, in the views stated, as to the provisions of the statute referred to, I sustain the exception to the register's report. These views seem fully to harmonize the apparent conflict in the statute in reference to the question under consideration, and furnish a judicious solution of the difficulties involved in it. Until convinced of the error of these views, the construction stated will form a rule for the action of this court in future cases. It will be understood that the decision of the question before the court has no reference to or bearing upon the controversy between the assignee and Kemp, relating to the corn alleged to have been delivered by Reece & Brother to Kemp, under a special contract between them. It appears there is a suit pending, in which the assignee claims the corn, as having been delivered to Kemp in fraud of the bankrupt act, and in relation to which, he has made no surrender to the assignee. The issue of that case is not affected by the opinion of the court on the question now before it.